MISSOURI, K. & T. RY. CO. OF TEXAS v. CLEMENT GRAIN CO. (No. 5935.)

(Court of Civil Appeals of Texas. Austin. April 30, 1919.)

1. COMMERCE ☞33—"INTERSTATE SHIPMENT."

Shipment of grain from St. Joseph, Mo., to Temple, Tex., was an "interstate shipment" as between carrier and shipper, though the bill of lading indicated it was intrastate.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. CARRIERS ☞59—INTERSTATE SHIPMENT—INNOCENT PURCHASER OF BILL OF LADING—ESTOPPEL.

Where carload of grain was originally shipped from one state to another, but bill of lad-ing issued by carrier and attached to draft drawn on purchaser of carload indicated that shipment was intrastate, carrier is estopped from asserting interstate character of shipment as against purchaser who paid draft without knowledge that carload was originally shipped from another state.

Appeal from District Court, McLennan County.

On motion for rehearing. Motion overruled.

For former opinion, see 206 S. W. 126.

KEY, C. J. [1, 2] In disposing of this case, we reached the conclusion, though it was not so stated in our original opinion, that as between appellant and the Walker Grain Company the shipment in question was an interstate shipment; but inasmuch as the bill of lading issued by appellant at Ft. Worth, Tex., indicated that it was an intrastate shipment from Ft. Worth to Temple, Tex., and as that instrument was attached to the draft drawn by the Walker Grain Company upon appellee at Temple, Tex., and paid by it in reliance of the bill of lading, and without knowledge of the fact that the carload of grain was originally shipped from St. Joseph and destined to Temple, Tex., appellant is estopped from asserting as against appellee, that the shipment in question was interstate, and not a domestic shipment, as indicated by the bill of lading. Therefore, the motion for rehearing has been overruled.

Motion overruled.